## TURNER GREER *v.* THE STATE.

1. MURDER IN THE FIRST DEGREE. Section 5257 of the Code cannot be held to sub-divide murder in the first degree into two separate grades of crime, that is, murder in the first degree with and without mitigating circumstance, so that the finding of mitigating circumstances by one jury would be an acquittal of the higher grade and a bar to another trial. Said section only gives the jury the right to express the opinion in their verdict that there are mitigating circumstances, which but amounts to a recommendation to mercy, that the Court may or may not regard. It would be error for the Judge to attempt to tell the jury what would be mitigating circumstances, as, in this matter, the jury are left entirely to their own discretion.

2. CASE IN JUDGMENT. Where, on the first trial, there was a verdict of guilty of murder in the first degree, with mitigating circumstances, and judgment of the Court thereon, and this verdict and judgment were set aside on appeal, and a new trial had;

*Held,* That such verdict and judgment were not conclusive upon the Court in rendering judgment upon the last verdict. The Court must pronounce its judgment upon the last verdict alone.

Cases cited: Lewis *v.* The State, 3 Head, 127; Eason *v.* The State, MSS., Jackson, 1873; Beatty *v.* The State.

Code cited: §5257.

Statute cited: Act of 1829–39.

---

### FROM DAVIDSON.

---

Appeal from the Criminal Court. THOMAS N. FRAZIER, Judge.

Attorney-General HEISKELL for the State.

No counsel for Greer.

MCFARLAND, J., delivered the opinion of the Court.

21—vol. 3.

Turner Greer *v.* The State.

The prisoner, upon his first trial, was convicted of murder in the first degree, the jury, in their verdict, expressing the opinion that there were mitigating circumstances, in accordance with §5257 of the Code. The Circuit Judge, in pronouncing judgment upon that verdict, commuted the punishment from death to imprisonment for life. From this judgment the prisoner appealed, and at the last Term of this Court, the judgment was reversed for errors committed, and a new trial awarded. The prisoner was again tried and convicted of murder in the first degree, the jury not expressing any opinion as to mitigating circumstances. Upon this verdict the judgment of death was pronounced, and the prisoner has again appealed.

Among other questions it is maintained, that by the first verdict and the judgment of the Court commuting the death penalty, the prisoner could not be again tried for his life. This position is untenable. §5257 of the Code was taken from the Act of 1838. That Act made it imperative upon the Court to commute the death penalty when the jury expressed the opinion that there were mitigating circumstances, but this was changed by the Code, and the Court vested with the discretion to commute upon such finding of the jury, or to disregard it and pronounce the death penalty, if, in his opinion, it was proper to do so. See *Lewis* v. *The State*, 3 Head, 127. In that case the Circuit Judge disregarded the opinion expressed by the jury as to mitigating circumstances, and sentenced the prisoner to death. Upon appeal, the judgment was

affirmed by this Court, and the prisoner executed. And the present Court followed this authority in the case of *Eason* v. *The State*, at Jackson, and also *Beatty* v. *The State*.

Our Criminal Code was enacted in 1829. This Act divided murder into two grades—murder in the first and murder in the second degree, and annexed to each different degrees of punishment. If, upon trial, a prisoner is acquitted of murder in the first degree, and convicted for a lower grade of crime, it amounts to this: he cannot again be put upon trial for this offence; and so as to any grade of homicide of which he may be acquitted. This would be putting him twice in jeopardy, in violation of the Constitution. The acquittal constitutes a bar to a second trial for the same offence, and it is not necessary that there should be a formal plea, if the prisoner is arraigned upon the same indictment, as his acquital is a matter of record in the same case.

The Act of 1838, particularly as it is modified in the Code, §5257, cannot, as we think, be held to subdivide murder in the first degree into two separate grades of crimes; that is, murder in the first degree without mitigating circumstances, and murder in the first degree with mitigating circumstances, so that the finding of mitigating circumstances by one jury would be an acquital of the higher grade and a bar to another trial. This seems to us manifest. The language employed does not assume to create two grades of crime. There is no definition of the supposed new grade of

offence—nothing showing in what the distinction consists. The jury are simply authorized to express the opinion that there are mitigating circumstances. There is no definition of mitigating circumstances, either in the statutes or in our judicial construction of the law. It seems rather to have been intended in favor of life, to give the jury the right to express this opinion in their verdict, which but amounts to a recommendation to mercy, that the Court may or may not regard.

In determining whether, in their opinion, there are mitigating circumstances, the jury are left entirely to their own discretion. They are not told by the Judge what would be mitigating circumstances. It would possibly be error for the Judge to attempt to do so, as this would be to limit the jury on this point to such circumstances as the Judge might indicate; whereas, the Statute leaves the matter to the jury without restriction. We think the idea that the Statute creates a new grade of offence is inconsistent with the holding that the Court may disregard the finding of the jury. If it be a separate grade of crime, the acquittal by the jury of the higher grade should be conclusive upon the Court by the terms of the Constitution itself.

Nor do we think it can be maintained that the finding of mitigating circumstances in the first verdict, with the judgment of the Court thereon, was conclusive upon the Court in rendering judgment upon the last verdict. If the Court, in the first instance, might have disregarded the recommendation, we think, where that judgment and verdict is set aside, and a new trial had

before a different tribunal, and, possibly, upon different testimony, the Court must pronounce its judgment upon the last verdict alone.

So we hold that there is no error in the record upon this question.

---

The following dissenting opinion was delivered by Mr. Justice TURNEY.

At the January Term, 1873, of the Criminal Court for Davidson County, the plaintiff in error was convicted of murder in the first degree with mitigating circumstances; the Court concurring with the jury in such finding, the prisoner was sentenced to imprisonment for life in the penitentiary. There was an appeal to this Court, and the judgment reversed. At the October Term, 1874, the prisoner was again put upon his trial, and convicted of murder in the first degree, and sentenced to be hanged.

By §5257 of the Code it is enacted: "The Court may also, when any person is convicted of a capital offence, and the jury who convicted him state in their verdict that they are of opinion that there are mitigating circumstances in the case, commute the punishment from death to imprisonment for life in the penitentiary."

The question now to be determined, and which is presented for the first time under the Statute quoted,

is: Does the finding of one jury of murder in the first degree with mitigating circumstances, and the commutation by the Court of the punishment from death to imprisonment for life, operate as a bar to a conviction of murder in the first degree by another jury on a new trial, and sentence of death by the Court.

The Attorney-General cites the case of Eason, decided at Jackson, in 1873, as authority for the negative of the proposition. In that case, Judge Freeman, delivering the opinion, says: "It is last insisted, that inasmuch as a former jury, who had tried the prisoner, returned a verdict of guilty with mitigating circumstances, the present jury were bound so to return in the event they found a verdict of guilty, and it is claimed the Court erred in not giving this instruction as requested. We cannot assent to this. The recommendation of the jury, or finding of mitigating circumstances in the case, is not a part of the judgment or the law in the case, but is only a matter of discretion, which they may exercise or not. Even when such finding is presented to the Court, it is not binding, but may be disregarded, as it was done by the Court below in this case on the former trial."

While I assent to the construction announced in that opinion, I do not think it sustains the position of the State. The language of the Statute, in plain terms, requires the concurrence in opinion of Court and jury, that mitigating circumstances exist and appear from the proof. In requiring this concurrence, the obvious intention of the Legislature was to protect the State

against the misconception of the jury or its indisposition to inflict extreme punishment, and to secure an accurate administration of the law. This Statute divides murder in the first degree into two classes, but requires in the lesser the joint action and conclusion of the minds of the Court and jury to reduce it from the higher. This concurrence can only be, when, from the facts of the case, and not from an unrestricted discretion or humane indisposition to punish with death, the jury shall state in its verdict that it is of opinion that there are mitigating circumstances in the case, and the Court who heard the evidence shall, in the exercise of a sound discretion, controlled by the same facts, be of the same opinion, and make it the judgment of the Court.

These things being done, the acquittal of the higher grade of murder in the first degree, the penalty of which is death, is as complete, and its bar to a subsequent conviction for such higher crime as perfect, as would be the conviction of murder in the second degree, to murder in the first under the same indictment or presentment. Unless such is to be the rule, the party who has on one trial reduced the offence charged, may be unable, at a subsequent period, to do so because of the death, absence, or forgetfulness of witnesses, and thereby the ends of justice be defeated. The policy of the law is, that it shall be administered as the ends of public justice may require, and if the facts credited and acted upon by both Court and jury at one time existed, and that existence is evidenced by the solemn judgment of the Court, preserved in its

records, the party is entitled to the benefits of its protection.

Suppose, however, this first judgment is to be treated as a pardon or commutation of the extremest punishment, there are no terms or conditions in it, and none authorized by law. It was given from the lawfully authorized power, was complete when the record of it was signed, and the Court adjourned, and cannot be recalled afterwards. The Act of 1838, Ch. 29, made it the imperative duty of the Court to commute the punishment on the finding of mitigating circumstances by the jury. In Lewis' case, 3 Head, 150, Judge McKinney, construing the present Statute with reference to that of 1838, says: "We are of opinion, therefore, that the object and intention of this section was to change the rule by which the opinion of the jury was made obligatory on the Court, and to leave it in the sound discretion of the Court, upon an unbiassed and discriminating survey of the whole case, to give effect to the opinion of the jury, or to refuse to do so, as the ends of public justice may seem to dictate." In the prisoner's case, the Court has once, in its sound discretion, upon an unbiassed and discriminating survey of the whole case, given effect to the opinion of the jury; but for error in the rulings of that Court upon other questions, there was a reversal. It was not the action of the Court and jury in relieving the prisoner from the death penalty that was appealed from, nor was this finding and judgment reversed, but only that part of the verdict and judgment against the prisoner.

Neither he nor the State complained of the judgment commuting the punishment. The State insisted that it was right, and the prisoner that the punishment adjudged to be inflicted was illegally imposed. To hold that so much of the judgment as commuted the punishment is vacated by the appeal, is to hold that the prisoner must elect between the chances of such consequences resulting from such appeal, and again jeopardize his life, and the certainty of imprisonment for life, however enormous the imposition of such imprisonment may have been. Would such ruling answer the ends dictated by public justice? I think not. A pertinent inquiry, as it seems to me, suggests itself at this point, viz: If the first judgment had been affirmed, had this Court the authority to disregard the finding of mitigating circumstances, and to have pronounced the sentence of death? I think not, as the Statute has conferred that power upon the single tribunal. Then, if the Court of last resort cannot correct the error, but is bound, how can an inferior Court, at a subsequent Term, reverse itself for the same (supposed) error, and that Court, it may be, controlled by a different Judge wholly unacquainted with the facts controlling the action of his predecessor.

The same motive that prompted the Legislature to classify the crime of homicide, operated to bring about a subdivision of murder in the first degree, and discriminate in the punishment. Under the Statute before the modifications, we were taught by experience in its application, that the punishment of murder in the first

degree was not always strictly commensurate to the offence, and that sometimes facts in mitigation did exist, but not sufficient to reduce the offence to the next lower grade, hence the passage of the present Statute.

For these reasons I cannot concur in the opinion of the majority of the Court.